## McALLISTER *v.* PAYNE.

1. Even if in any case the law will imply a promise on the part of one partner to compensate his copartner for extra services rendered by him to the partnership, there is nothing in the present case from which such a promise could be implied.
2. Under the facts of this case there was no error in allowing one of the partners credit for interest on advances made by him to a partnership which was the predecessor in business of the partnership involved in the present case, the partner making the advances being a member of both firms and the partner against whom the interest was charged being the successor of a member in the former partnership who had expressly agreed to allow this credit.

Submitted June 10,—Decided July 26, 1899.

Exceptions to auditor's report. Before Judge Kimsey. Habersham superior court. September term, 1898.

*J. B. Jones*, for plaintiff.    *W. I. Pike*, for defendant.

COBB, J.    McAllister brought an action against Payne, praying in his petition for the dissolution of a partnership alleged to exist between them, and for a winding up and settlement of the affairs of such partnership.    Payne filed an answer responsive to the averments in the petition, and also an answer in the nature of a cross-bill.    The case was referred to an auditor.    When the report of the auditor was filed the plaintiff filed two exceptions, one designated as an exception of fact and the other as an exception of law, both of them raising objection to a finding by the auditor that the defendant was entitled to charge against the plaintiff the sum of $720 for extra compensation for services rendered by him to the partnership. The defendant filed two exceptions to the auditor's report, but did not undertake to say whether they were exceptions of law or of fact.    The first complained of a refusal of the auditor to allow him credit for $535.40 in the capital of the partnership, and the second complained that the finding in his favor for extra compensation was too small and should have been at the rate of $66.66 per month instead of $20 per month.    An order was taken in term providing "that the case be taken by the judge and the exceptions passed on at any time during vacation," the right to except to the decision rendered being reserved to each party.    Pursuant to this order the judge passed on all of the exceptions, and transmitted to the clerk a judgment in which it was recited that, "by agreement of counsel on both sides made in open court," all of the "exceptions both of law and fact were submitted" to him for decision.    The exceptions filed by the plaintiff were disallowed and overruled. Both of the exceptions of the defendant were sustained, and the sum allowed him for extra compensation was raised from $720 to $1,080.    Plaintiff filed his bill of exceptions, in which he assigns error upon the rulings just referred to, and also alleges that it was error in the judge to decide the issues of fact raised by the exceptions to the auditor's report.    The assignment of error last referred to was not argued in this court, but if it had not been abandoned the recitals from the record hereinbefore set out are sufficient to show that it was without merit.

1. The two exceptions to the auditor's report filed by the plaintiff, and one of those filed by the defendant, relate to the matter of the claim of the defendant for extra compensation for services rendered by him to the partnership; and the three will be disposed of together. In the case of *Gray* v. *Hamil*, 82 *Ga.* 375, this court recognized the general rule to be, "that a partner is entitled to nothing extra for any inequality of service rendered by him as compared with that rendered by his copartner," and it is there intimated that no claim for compensation for such service could arise out of anything less than an express contract to that effect. Conceding, however, that there may be cases where from the peculiar circumstances the law might imply a promise on the part of one partner to compensate his copartner for extra services, we do not think the present case would come within this exception to the general rule. After a careful review of the testimony, as well as the reasons given by the auditor in support of his findings and those of the judge in his judgment for his conclusions, we have reached the conclusion that there was no evidence authorizing a finding in favor of the defendant on his claim for compensation for extra services. It is not pretended that there was any express contract between the parties on the subject, and the circumstances of the case are not such as that the law would imply a contract by one of the partners to pay the other for extra services, even if there is in any case an exception to the general rule above referred to. The exceptions of the plaintiff should have been sustained, and the second exception of the defendant should have been disallowed.

2. It appears that the partnership between the plaintiff and the defendant was the successor of a partnership between defendant, the son of plaintiff, and W. C. Allen; that this partnership was in the same business as its successor—operating a tannery—and owned the same plant; that during the existence of the former partnership defendant had made advances for the benefit of the partnership, and there was due him as interest on these advances the sum of $535.40; that young McAllister and Allen agreed when they went into partnership that this interest was to be allowed defendant as a part of his

capital, the consideration for this agreement being that defendant would furnish the money to run the business. The plaintiff took the place of his son in the partnership, and assumed his liabilities, and defendant bought the interest of Allen; and thus the partnership whose affairs are involved in the present case was formed. The auditor refused to allow the defendant this item, on the ground that there was no express promise on the part of the plaintiff to pay interest on advances, and there was nothing in the case from which the law would imply a promise. The judge sustained the exception filed by the defendant to this ruling of the auditor, and we think this was right. Any interest paid by defendant was to become a part of his capital in the partnership, by the express agreement of the members of the former partnership; and therefore whatever amounts had been so paid, or for which the defendant was liable when plaintiff entered the partnership, were already a part of the capital invested in the business, and these sums were properly allowed by the judge to go to the credit of defendant in ascertaining his interest in the partnership whose affairs are now under investigation.

*Judgment affirmed in part, and in part reversed. All the Justices concurring.*